IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID W. DOVER                                                                      PETITIONER

V.                              NO: 2:06CV00073 JMM-JFF

LINDA SANDERS, Warden,
FCI-Forrest City, Arkansas;
and UNITED STATES BUREAU
OF PRISONS                                                                          RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed without prejudice as moot.

On June 1, 2004, Petitioner plead guilty in the United States District Court for the Middle District of Tennessee to possession of firearms in furtherance of a drug trafficking crime. On November 23, 2004, the district court entered a judgment

sentencing Petitioner to sixty (60) months' imprisonment, to be followed by a supervised release term of three (3) years. Petitioner currently is serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas. Respondent Linda Sanders is the Warden at the unit.

On March 16, 2006, Petitioner filed his § 2241 petition in this Court. He challenges a new rule of the Federal Bureau of Prisons ("BOP"), which took effect on February 14, 2005, limiting the duration of confinement in a community corrections center ("CCC")[1] to "the last ten percent of the prison sentence being served, not to exceed six months" (hereinafter referred to as the "February 2005 Rule"). 28 C.F.R. § 570.21(a).

The BOP's adoption of the February 2005 Rule has led to the filing of numerous lawsuits challenging the rule. Several judges in this district, including United States District Court Judge George Howard, Jr., in Fults v. Sanders, have held that the rule is invalid, concluding that the legislative history of 18 U.S.C. § 3621(b) requires that the BOP consider the factors set forth in the statute[2] prior to arriving at a determination regarding the appropriate facility for a given inmate, but that the rule fails to consider these factors with respect to placement of inmates in a CCC. Fults v. Sanders, No.

---

[1] CCCs are BOP contract facilities, commonly referred to as halfway houses. They "provide suitable residence, structured programs, job placement, and counseling, while the inmates' activities are closely monitored." BOP P.S. 7310.04 ¶ 7(a) (Dec. 16, 1998).

[2] These factors include the nature and circumstances of the offense and the history and characteristics of the prisoner, as well as other factors. 18 U.S.C. § 3621(b).

2:05CV00091 GH-HLJ, recommended disposition at 7-8 (E.D. Ark. July 8, 2005), adopted by order of district court (July 22, 2005); LaBarge v. Sanders, No. 2:05CV00193 WRW-JFF, recommended disposition at 12-15 (E.D. Ark. Sept. 6, 2005), adopted by order of district court (Sept. 20, 2005); Clayton v. Sanders, No. 2:05CV00181 SWW-JFF, recommended disposition at 12-15 (E.D. Ark. Sept. 6, 2005), adopted by order of district court (Sept. 27, 2005); Banks v. Sanders, No. 2:05CV00161 JLH-JFF, recommended disposition at 12-15 (E.D. Ark. Sept. 6, 2005), adopted by order of district court (Sept. 23, 2005); Lovelace v. Sanders, No. 2:05CV00232 JMM-HDY, recommended disposition at 4-7 (E.D. Ark. Oct. 7, 2005), adopted by order of district court (Oct. 19, 2005).  In granting relief to petitioners challenging the February 2005 Rule, the judges in this district have directed the Respondents to consider, within twenty days and in good faith, transferring the petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 Policy.[3]

On April 6, 2006, the Eighth Circuit affirmed Judge Howard's decision in Fults v. Sanders.  Fults v. Sanders, 2006 U.S. App. LEXIS 8289 (8th Cir. April 6, 2006). The Eighth Circuit held that the February 2005 Rule conflicts with 18 U.S.C. § 3621(b) and is invalid, concluding that § 3621(b) requires that the BOP's "discretion be exercised

---

[3] The December 2002 Policy, like the February 2005 Rule, limited the duration of confinement in a CCC to the last 10% of the prison sentence, not to exceed six months.  Prior to the adoption of the December 2002 Policy, the BOP regularly transferred prisoners from prison to community confinement for the last six months of their sentences, regardless of whether the six-month period exceeded ten percent of their sentences.

on an individual basis," but that the February 2005 Rule "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." Fults v. Sanders, 2006 U.S. App. LEXIS 8289 at 8.

In response to Petitioner's § 2241 petition, Respondent Sanders asserts that in light of the Eighth Circuit's decision in Fults v. Sanders, Petitioner will be evaluated for placement in a Residential Reentry Center[4] utilizing the factors taken into account by the BOP prior to its adoption of the December 2002 Policy. Respondent Sanders requests that Petitioner's petition be dismissed as moot. Because evaluation of Petitioner for placement in a Residential Reentry Center utilizing the factors taken into account by the BOP prior to its adoption of the December 2002 Policy is the relief this Court would order if the Court granted Petitioner's § 2241 petition, the Magistrate Judge finds that this case is moot.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice as moot.

Dated this 26th day of April, 2006.

                                              /s/ John F. Forster, Jr.
                                   UNITED STATES MAGISTRATE JUDGE

---

[4] As of March 31, 2006, CCC's have been referred to as Residential Reentry Centers.